Dorothea E. Donaldson, J.
The above-entitled claim for alleged false imprisonment and deprivation of claimant’s civil rights was filed on February 21, 1964. It states that the cause of action arose on October 22 through October 23, 1963 for a period of 17 hours at Few York State Police Troop K Barracks in Hawthorne, Few York.
Claimant moves for an order pursuant to CPLR 3113 (subd. [a]) to take the depositions of certain State Troopers and for the production of records for use in these depositions. As additional relief claimant seeks to have vacated a stay of proceedings directed by order of this court on February 17, 1965.
The Attorney-General cross-moves to dismiss the claim pursuant to CPLB 3216 on the ground that claimant has failed to diligently prosecute the action.
The instant motion is the second in which claimant has sought the self-same relief. The first, argued before Honorable Sidney Squire, a Judge of this court, resulted in an order dated September 17,1964 which provided for the service of a supplemental bill of particulars “ on or before October 2, 1964 ”, with which claimant has complied.
The order additionally directed that the claimant appear for examination before trial on October 15,1964 pursuant to defendant’s notice dated June 24, 1964. Claimant was then to have the right to examine before trial four of the five State Troopers. Moreover, the order of Judge Squire provided that.the books and records be produced at the depositions. By stipulation of the parties, the scheduled examination before trial was adjourned to January 14, 1965 thereby depriving the order of its force and effect and removing the proceeding from the protection of the court.
Four months later the Attorney-General moved pursuant to CPLB 3126 to strike the pleadings or to stay further proceedings until the aforesaid order of Judge Squire was complied with or to dismiss the action; all relief requested was in the alternative. The claimant on this motion cross-moved for a *855 protective order prohibiting one of the troopers, who was to be examined by claimant as a witness, from being present during claimant’s examination before trial.
The claimant appeared on that date but refused to be examined, basing his refusal on grounds that have no legal foundation.
All portions of the motion, except the granting of a stay of all proceedings until the order of Judge Squibb be complied with, were denied by the court.
In the present motion, attorney for claimant states they are ready to proceed with the examination before trial of the claimant at a time and place to he fixed by the court. The time and place having been fixed by Judge Squibb in his order for October 15, 1964, it must be presumed that counsel, having caused that motion and concomitant order, was then willing to proceed.
Counsel argued that files in this matter were removed from his office by a person or persons unknown, in ‘‘ the summer of 1965 ”, but that the Clerk of the Court of Claims had provided him with copies of the missing papers which he received in April of 1966.
The instant cross motion of the State to dismiss for general delay is well taken, but not without its problems. It appears that the State, having requested an adjournment of the examination before trial as directed by the order of Judge Squibb, and having, by stipulation, modified such order, cannot now insist upon the order’s rigid enforcement.
The State had priority of time in the taking of depositions. The claimant’s failure, willful or not, to appear, placed some duty upon the defendant to bring the claimant before the court or to arrange for his examination. The failure of the State to act expeditiously does not now permit the claimant to take the depositions requested by him first, in the light of the claimant’s refusal.
The problem of dismissal for general delay under CPLR 3216 in this court is sui generis. The second paragraph of CPLR 3216 has no application whatsoever in the Court of Claims as no note of issue or its equivalent is provided for either in the Court of Claims Act or in its rules.
Both parties have failed to convince the court of their driving desire to prepare this claim for trial. Both motions are denied in all respects.
The order of a Judge of this court must be complied with before the claim will be calendared for trial.
Accordingly,
*856 (1) the order of Judge Squibb is to be complied with on or before July 29,1966, the precise date and place for examinations to be agreed upon by the parties;
(2) the stay of all proceedings until such order is complied with remains in effect;
(3) upon the failure of either party to comply, a motion under CPLR 3126 or 3216 will be entertained by this court.
Our adversary system of litigation requires all parties to implement the judicial system. A failure to comply with an order of a jurisdictionally competent court must and will be met with the strongest disapproval possible.